STATE OF NORTH CAROLINA v. GREGORY PERRY COLLINS

No. 759SC207

(Filed 6 August 1975)

Constitutional Law § 33; Criminal Law § 48— implicating **statement of**
**accomplice — silence of defendant — no admission**
     The trial court erred in admitting testimony that a witness who
     was arrested for the crime with which defendant was charged made
     an in-custody statement in defendant's presence implicating defendant
     in the crime and defendant made no denial.

ON writ of *certiorari* to review trial before *Hall, Judge.*
Judgment entered 1 October 1974 in Superior Court, Franklin
County. Heard in the Court of Appeals 13 May 1975.

Defendant was tried on his plea of not guilty to an indict-
ment charging him with the felonious larceny of $1,200.00 from
Jack Collins. At the trial Jack Collins, defendant's cousin, testi-
fied that between 9:00 and 10:00 p.m. on 18 November 1973,
after he had closed his grocery business and while he was walk-

ing to his car behind the store, he was struck and knocked unconscious. When he came to, someone was going through his pockets. He was again hit, lost consciousness a second time, and when he then regained consciousness, he found that his leg was broken and that between $1,200.00 and $1,300.00 was missing from his pocket. Jack Collins did not see who hit him or took his money.

William Craig Leonard testified that he and defendant planned to "jump" Jack Collins and take his money, that defendant told Leonard to do it because Jack Collins would recognize defendant, that Leonard assaulted Jack Collins, that defendant ran by and grabbed the money, and that and he and the defendant each received about $600.00.

Defendant testified that he had nothing to do with the assault on Jack Collins or larceny of the money and that at the time these offenses were committed he was at home with his wife and infant child. Defendant's father, mother and wife testified in support of his alibi.

The jury found defendant guilty of felonious larceny and judgment was entered imposing a prison sentence. Defendant gave timely notice of appeal, and this Court subsequently granted his petition for writ of certiorari.

*Attorney General Edmisten by Deputy Attorney General R. Bruce White, Jr. and Assistant Attorney General Guy A. Hamlin for the State.*

*Aubrey S. Tomlinson, Jr. for defendant appellant.*

PARKER, Judge.

From the testimony of Franklin County Sheriff Dement, which is contained in the record, it appears that the State's witness, William Craig Leonard, was first arrested in connection with the offense for which defendant was tried and convicted. While in jail, Leonard gave the Sheriff two statements. In his first statement, Leonard admitted that he alone assaulted Jack Collins and took the money. In this statement Leonard said that on the next morning after committing the offenses, he told defendant what he had done and gave defendant $100.00 not to tell. Based on this first statement by Leonard, the Sheriff arrested defendant and charged him with being an accessory. A few days later while Leonard and defendant were both in jail, Leon-

ard changed his story and gave a second statement to the Sheriff. In this second statement, which was made in defendant's presence, Leonard accused defendant of actively participating in the offenses.

At defendant's trial, the District Attorney during direct examination of Leonard questioned Leonard concerning the statement which Leonard had given the Sheriff in defendant's presence. After Leonard testified in substance to what his statement contained, the record shows the following colloquy occurred:

"Q. Was Greg Collins, the defendant, present when you told Sheriff Dement this?

A. Yes.

Q. How close was he to you?

A. Close as I am to you.

Q. Did he ever deny it?

OBJECTION.

COURT: Overruled.

EXCEPTION NO. 6

A. No sir.

Q. Never denied it?

A. No sir.

EXCEPTION NO. 7"

The obvious purpose of the District Attorney's question to which objection was taken was to raise an implication that defendant, by failing to deny the accusation made against him, was admitting its truth. By remaining silent under the circumstances disclosed in this record defendant was exercising his constitutional right. Our Supreme Court in *State v. Castor,* 285 N.C. 286, 204 S.E. 2d 848 (1974) held the admission of similar evidence to be reversible error entitling the defendant in that case to a new trial. On the record before us we cannot say that the erroneously admitted evidence was harmless beyond a reasonable doubt in the present case. Defendant is awarded a

New trial.

Judges BRITT and VAUGHN concur.